UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FLOYD, III,

                    Plaintiff,

-against-

1227 OFFICER ROSEN, et al.,

                    Defendants.

21-CV-1668 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

       Plaintiff, currently incarcerated at Downstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights during an August 20, 2018 search and seizure at his girlfriend's apartment, located in Middletown, New York. Plaintiff names as Defendants the arresting officers, Officers Rosen and Magsmen; the City of Middletown; and Orange County Assistant District Attorney (ADA) Janine Kovacs. By order dated June 3, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. (Dkt. No. 9.)[1]

       For the reasons set forth below, the Court dismisses all claims brought against Defendant Kovacs under the doctrine of prosecutorial immunity and orders service on Defendants Rosen, Magsmen, and the City of Middletown.

**STANDARD OF REVIEW**

       The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. Claims against ADA Kovacs

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). Thus, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity). Moreover, "[a] prosecutor is . . . entitled to absolute immunity despite allegations of his knowing use of perjured testimony and the deliberate withholding of exculpatory information. Although such conduct would be reprehensible, it does not make the prosecutor amenable to a civil suit for damages." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005).

2

Here, Plaintiff's claims against Kovacs are based on actions within the scope of her official duties and associated with the conduct of a trial. Plaintiff alleges that Kovacs did not provide him with copies of documents from his criminal case, including his "charges," the "bill of particulars," and "discovery." (Dkt. No. 1, at 8.) Even assuming that Kovacs did not provide Plaintiff with copies of these documents, Kovacs is not liable in this lawsuit for any damages associated with this alleged conduct. Therefore, the Court dismisses Plaintiff's claims against Kovacs because they seek monetary relief against a defendant who is immune from suit and are frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.     Order of Service on Rosen, Magsmen, and City of Middletown**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

3

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Rosen, Magsmen, and the City of Middletown through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff's claims against Janine Kovacs are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Clerk of Court is instructed to issues summonses as to Rosen, Magsmen, and City of Middletown, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 7, 2021
        White Plains, New York

                                          KENNETH M. KARAS
                                         United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer Rosen, Shield #1227
   Middletown Police Department
   2 James Street
   Middletown, NY 10940

2. Officer Magsmen, Shield #1084
   Middletown Police Department
   2 James Street
   Middletown, NY 10940

3. City of Middletown
   Corporation Counsel
   16 James Street
   Middletown, NY 10940