UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FLOYD, III,

                Plaintiff,

       -against-

OFFICER ROSEN, *et al*.,

                Defendants.

No. 21-CV-1668 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated at Downstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights during an August 20, 2018 search and seizure at his girlfriend's apartment, located in Middletown, New York. (*See* Compl. (Dkt. No. 1).) Plaintiff names as Defendants the arresting officers, Officers Rosen and Magsmen; the City of Middletown; and Orange County Assistant District Attorney (ADA) Janine Kovacs. By order dated June 3, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. (Dkt. No. 9.)

On May 14, 2021, the Court received Plaintiff's Application for the Court to Request Pro Bono Counsel. (*See* Appl. for the Ct. to Req. Pro Bono Counsel ("Pl.'s Appl.") (Dkt. No. 6).) Plaintiff has reiterated his request in three additional filings. (*See* Letter from Pl. to Court (Apr. 30, 2021) ("Apr. 30 Letter") (Dkt. No. 5); Letter from Pl. to Court (May 14, 2021) ("May 14 Letter") (Dkt. No. 7); Letter from Pl. to Court (June 10, 2021) ("June 10 Letter") (Dkt. No. 15).) For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this

provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether

appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See*

*Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court

"'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.*

(quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010)

("This Court considers motions for appointment of counsel by asking first whether the claimant

has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other

words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of

success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the

Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the

strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential

factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the
> need for cross-examination will be the major proof presented [to the fact finder],
> the indigent's ability to present the case, the complexity of the legal issues and any
> special reason . . . why appointment of counsel would be more likely to lead to a
> just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE*

*(Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that

the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris*

*v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*,

802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A

plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at \*2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff's submissions state that he has contacted the Orange County Bar Association, the Legal Aid Society, the Pro Bono Project, and two law firms. (*See* Pl.'s Appl. ¶ 3; May 14 Letter.) Plaintiff left a message with the Orange County Bar Association, but it was not returned. (*Id*.) Plaintiff was unable to reach the Legal Aid Society and the Pro Bono Project. (May 14 Letter.) And the two law firms declined to take on Plaintiff's case. (Pl.'s Appl. 3–4.) While the Court appreciates this effort to obtain counsel, this factor alone does not outweigh the additional *Hodge* factors discussed below. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at \*2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at \*1 (S.D.N.Y. Mar. 19, 2013) (finding that the plaintiff's "search was certainly not an exhaustive one").

Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purpose of addressing the request for the appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes without deciding that it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (quotation marks omitted). As to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not

demonstrated why he needs counsel. Thus far, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel. Plaintiff's "properly filed submissions have been presented with care and set forth relevant facts . . . adequately and competently," *Boston v. Brown*, No. 10-CV-1494, 2014 WL 726683, at *10 (E.D.N.Y. Feb. 24, 2014), demonstrating his ability to compile material facts and convey his arguments to the Court, *see Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *2 (S.D.N.Y. Apr. 9, 1999) (noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrate[s] . . . that [the] plaintiff is capable of presenting h[er] positions clearly"). (*See generally* Compl.)

While Plaintiff says he is a layman and does not fully understand the procedures and statutes to go forward with his case, (*see* Pl.'s Appl. ¶ 2), a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). Additionally, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena*, 2013 WL 1165554, at *2.

Plaintiff requests representation so that "all documents may be adduced properly and in a timely manner to further strengthen [his] claim." (Pl.'s Appl. ¶ 2.) Plaintiff has made no showing that there is "likely to be any discovery . . . that might necessitate the skill of an experienced and professional advocate." *SEC v. Penn*, No. 04-CV-581, 2017 WL 5508779, at *2 (S.D.N.Y. Jan. 24, 2017). Plaintiff's claim is largely based on "factual circumstances [that] stem from one discrete event." *McLean v. Johnson*, No. 15-CV-6505, 2017 WL 4157393, at *1

(W.D.N.Y. Sept. 19, 2017).  Because Plaintiff was present while the alleged illegal search occurred, this incident "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] [her] ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case").  To the extent further investigation is required, it appears that it will be limited to discrete issues, such as the existence of a search warrant or probable cause.  (*See* Compl. 7.)  And while Plaintiff may need to cross-examine witnesses, should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice.  Plaintiff may renew his request and provide the Court with additional

information regarding his circumstances.  The Clerk is respectfully directed to terminate the

pending motion, (*see* Dkt. No. 6), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  June 22, 2021
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge