UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FLOYD, III,

                              Plaintiff,

        v.

127 OFFICER ROSEN, OFFICER
MAGSMEN, *and* CITY OF MIDDLETOWN
MUNICIPALITY,

                              Defendants.

No. 21-CV-1668 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

        On May 9, 2022, the Court granted Defendants' Motion To Dismiss.  (*See* Dkt. No. 48.)
The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file an
amended complaint addressing the deficiencies identified in the Opinion & Order, warning
Plaintiff that failure to abide by the 30-day deadline could result in dismissal of the Action with
prejudice.  (*See id.* at 33.)  When the Court docketed the Opinion & Order, Plaintiff's address
was listed in the docket as: Lakeview Shock Incarceration Correctional Facility, P.O. Box T,
Brocton, NY 14716-0679.  (*See* Dkt. No. 21.)  Accordingly, the Clerk of Court mailed a copy of
the Opinion & Order to Plaintiff—who is proceeding pro se and in forma pauperis—to that
address.  (*See* Dkt. (entry for May 10, 2022).)  However, three days after the Clerk of Court
mailed the Opinion & Order to Plaintiff at the Brocton, NY address, the Court received a letter
from Plaintiff dated May 8, 2022 informing the Court that Plaintiff's address had changed to: 3
Wilcox Avenue, Middletown, NY 10940.  (*See* Dkt. No. 49.)  Accordingly, the Clerk of Court
mailed the Opinion & Order to Plaintiff at that address on May 16, 2022.  (*See* Dkt. (entry for

May 16, 2022).)  However, both packages were later returned as not deliverable as addressed and unable to forward.  (*See* Dkt. (entries for June 2, 2022 and June 14, 2022).)

On June 28, 2022, the Court issued an Order to Show Cause, ordering Plaintiff to show cause by no later than July 31, 2022 as to why Plaintiff's case should not be dismissed for failure to prosecute and warned that failure to show cause could result in dismissal without further notice.  (*See* Dkt. No. 50.)  In the Order to Show Cause, the Court noted that Plaintiff has previously been advised of his obligation to promptly submit a written notification to the Court in the event that his address changed and directed the Clerk of Court to mail the Order to Show Cause to both the Brocton, NY address and the Middletown, NY address.  (*See id.*)  The package to the Brocton, NY address was returned as undeliverable.  (*See* Dkt. (entry for July 11, 2022).)

To date, Plaintiff has failed to file an amended complaint, update his mailing address, or show cause as to why his case should not be dismissed.  (*See* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute.  *See* FED. R. CIV. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *Id*.  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "'a harsh remedy that should be utilized only in extreme situations,'" *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021) (summary

2

order) (quoting *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009)).  Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also Simmons v. Mason*, No. 17-CV-8886, 2021 WL 1164573, at *2–3 (S.D.N.Y. Mar. 26, 2021) (same).  No single factor is dispositive.  *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was first offered the opportunity to file an amended complaint three months ago, and was twice warned that failure to file an amended complaint or respond to the Court's Orders could result in dismissal.  (*See* Dkt. Nos. 48, 50.)  Plaintiff has failed to comply with these Orders.  (*See* Dkt.)  While it is possible that Plaintiff has not received these Orders, this is due to Plaintiff's failure to keep his mailing address current; it is clear that this case cannot proceed if the Court and defense counsel cannot contact Plaintiff.  Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See Wood v. Byrd*, No. 16-CV-8142, 2021 WL 4311346, at *2 (S.D.N.Y. Sept. 21, 2021) (dismissing case for failure to prosecute after the plaintiff failed to comply with three separate orders to file an amended complaint, even after extensions of time); *DeJesus-Vasquez v. Bethencourt*, No. 19-CV-967, 2021 WL 3540553, at *2 (S.D.N.Y. Aug. 10, 2021) (dismissing case for failure to prosecute where the plaintiff "was instructed at least five times that a failure to file an amended complaint or to show cause as to

why this case should not be dismissed may result in dismissal," and failed to do so); *Gause v. Claude*, No. 18-CV-5505, 2019 WL 1572990, at *1–2 (E.D.N.Y. Apr. 11, 2019) (explaining that "[i]f a pro se litigant fails to keep the [c]ourt apprised of his or her current mailing address, the [c]ourt may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute," and dismissing case for failure to prosecute where the plaintiff "fail[ed] to keep his address current" (underlining, alterations, and quotation marks omitted)).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the following addresses: (1) Lakeview Shock Incarceration Correctional Facility, P.O. Box T, Brocton, NY 14716-0679; and (2) 3 Wilcox Avenue, Middletown, NY 10940.  The Clerk of Court is then directed to close this case.

SO ORDERED.

Dated:   August 9, 2022
         White Plains, New York

_____
     KENNETH M. KARAS
   United States District Judge